FILED

**NOT FOR PUBLICATION**

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STONE DONG FAN, | No. 12-35160 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00718-RSM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Stone Dong Fan appeals pro se from the district court's judgement

dismissing for lack of subject matter jurisdiction his Federal Torts Claims Act

("FTCA") action arising from his 1983 criminal conviction in China.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

subject matter jurisdiction, *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995), and we affirm.

The district court lacked subject matter jurisdiction over Fan's claims for negligence and fraud because Fan failed to exhaust his administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a) (requiring written notification of the incident accompanied by a claim for money damages in a sum certain as a prerequisite for suit under the FTCA); *see also Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction.").

The district court properly dismissed Fan's due process claims related to his 1983 conviction on the ground that the claims are barred by the general six-year statute of limitations applicable to claims against the United States. *See* 28 U.S.C. § 2401(a) (every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues).

The district court did not abuse its discretion by denying Fan's motions to appoint counsel because Fan failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of

review and requirement of "exceptional circumstances" for appointment of counsel).

We decline to consider contentions raised for the first time on appeal, including Fan's claim that his due process rights continue to be violated as long as the United States fails to provide the court in China with exculpatory evidence. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Fan's motion for appointment of counsel, received on July 9, 2012, is denied.

**AFFIRMED.**